IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-408-D

TIGRESS SYDNEY ACUTE MCDANIEL, )
)
)
Plaintiff, )
)
v. ) **ORDER**
)
CREDIT MANAGEMENT LP, )
CHARTER COMMUNICATIONS, INC. )
d/b/a SPECTRUM, )
)
Defendants. )

On May 31, 2023, Tigress McDaniel ("McDaniel," or "plaintiff"), proceeding pro se, filed a complaint in the Wake County District Court against Credit Management LP ("CMLP") and Charter Communications, Inc. ("Spectrum") (collectively "defendants") [D.E. 1-1]. On July 26, 2023, defendants jointly removed the case to federal court [D.E. 1]. On August 10, 2023, McDaniel moved for leave to amend the original state complaint for a "federal pleading of claims" [D.E. 17]. On August 15, 2023, McDaniel filed a second motion for leave to amend [D.E. 18]. On August 18, 2023, McDaniel filed an amended complaint [D.E. 21]. On August 23, 2023, CMLP and Spectrum responded in opposition to McDaniel's motions to amend [D.E. 22, 23]. On September 1, 2023, Spectrum moved to dismiss the amended complaint for lack of jurisdiction and for failure to state a claim against Spectrum [D.E. 25]. On October 5, 2023, after the deadline for responses expired, McDaniel moved for an extension of time to file a response [D.E. 28]. The same day, McDaniel filed a response in opposition to Spectrum's motion to dismiss [D.E. 29]. On October 16, 2023, Spectrum filed a response in opposition to the motion for an extension of time

to respond to the motion to dismiss [D.E. 32]. The same day, McDaniel filed an affidavit in support of her motion for extension of time [D.E. 33].

On January 8, 2024, the court denied the motions to amend as moot, denied the motion for extension of time, and denied McDaniel's motion to file a third amended complaint, granted in part Spectrum's motion to dismiss, and granted CMLP's motion for judgment on the pleadings [D.E. 41]. The court also dismissed with prejudice McDaniel's federal claims in her amended complaint, declined to exercise supplemental jurisdiction over McDaniel's UCC claims against Spectrum, and dismissed without prejudice McDaniel's UCC claim against Spectrum. See id. at 12. On January 25, 2024, McDaniel filed an appeal with the United States Court of Appeals for the Fourth Circuit [D.E. 43]. On March 18, 2024, McDaniel filed a motion to recuse [D.E. 48] and a memorandum in support [D.E. 49]. On May 24, 2024, the Fourth Circuit affirmed this court's order [D.E. 50]. On June 17, 2024, the mandate issued [D.E. 51].

McDaniel is a notorious pro se litigant. The United States District Court for the Western District of North Carolina imposed a pre-screening review system for her filings. See, e.g., McDaniel v. Green Dot Corp., No. 3:23-CV-21, 2023 WL 2254581, at *1 & n.1 (W.D.N.C. Feb. 27, 2023) (unpublished), aff'd, Nos. 23-1135, 23-1218, 2023 WL 5625142 (4th Cir. Aug. 21, 2023) (per curiam) (unpublished).

"Judicial recusals are governed by a framework of interlocking statutes." Belue v. Leventhal, 640 F.3d 567, 572 (4th Cir. 2011). Under 28 U.S.C. § 455(a), all "judge[s] of the United States" have a general duty to "disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under 28 U.S.C. § 455(b), a

judge must recuse where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

In Liteky v. United States, 510 U.S. 540 (1994), "the Court confronted a situation where defendants moved to disqualify the district judge in their criminal trial based on his comments and actions as the judge in a prior trial involving one of the same defendants." Belue, 640 F.3d at 572. In holding that the judge did not have to recuse, the Court concluded that sections 455(a) and 455(b)(1) carry an "extrajudicial source" limitation, meaning bias or prejudice must generally stem from "a source outside the judicial proceeding at hand" in order to disqualify a judge. Liteky, 510 U.S. at 545. Put differently, the bias or prejudice must "result in an opinion on the merits [of a case] on some basis other than what the judge learned from his participation in the case." Id. at 545 n.1 (quotation omitted); see Belue, 640 F.3d at 572–73; Bartko v. Wheeler, No. 5:14-CT-3043, 2014 WL 3563359, at *6 (E.D.N.C. July 18, 2014) (unpublished). "[W]hile recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor." Belue, 640 F.3d at 574. "[O]pinions held by judges as a result of what they learned in earlier proceedings" are not ordinarily grounds for recusal. Liteky, 510 U.S. at 551.

McDaniel's motion to recuse arises from this court's orders in this case and in other cases that McDaniel lost. Furthermore, this court's knowledge of McDaniel's litigation history stems from judicial proceedings that McDaniel initiated. Accordingly, the court denies as baseless McDaniel's motion to recuse.

In sum, the court DENIES as baseless plaintiff's motion to recuse [D.E. 58]. The case remains closed.

3

SO ORDERED. This 14 day of October, 2024.

                                                                   JAMES C. DEVER III
                                                                   United States District Judge